UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTHOLOMEW WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>STERLING BMW, et al.,<br><br>    Defendants. | Case No. 22-cv-06648-DMR<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Self-represented Plaintiff Bartholomew Williams filed a complaint and an application to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 4.] The complaint alleges claims related to Plaintiff's 2019 purchase of a certified used vehicle from Defendant Sterling BMW. Plaintiff appears to assert claims for fraud and misrepresentation against Defendants Sterling BMW, BMW of North America, and Mercedes Benz.

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Plaintiff avers that this case "belongs in federal court . . . under diversity jurisdiction." Compl. 2. A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id*. A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business. *Id.*

In this case, it is not clear that all parties are diverse. A natural person's state of citizenship is determined by the state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th

1  Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to
2  remain or to which she intends to return."  *Id*.  However, "[a] person residing in a given state is not
3  necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.* (internal
4  citation omitted).  Plaintiff's mailing address is in California, but the complaint does not allege his
5  state of citizenship or his domicile.  Plaintiff also does not allege facts regarding the citizenship of
6  any of the three Defendants.  Notably, the complaint alleges that Defendant Sterling BMW is
7  located in Newport Beach, California.  It also lists a California address for Defendant BMW of
8  North America.  Compl. 1-3.  Accordingly, the complaint does not allege facts supporting
9  Plaintiff's claim that the parties are diverse.

The court also lacks federal question jurisdiction over this action.  Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States.  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Plaintiff's complaint mentions two federal statutes in passing, 18 U.S.C. § 1001 and 18 U.S.C. § 371, *see* Compl. 5, 6, but neither confers federal question jurisdiction.  18 U.S.C. § 1001 is a criminal statute providing in relevant part that a person "within the jurisdiction of" any department or agency of the United States who makes false or fraudulent statements shall be fined or imprisoned.  18 U.S.C. § 371 is a criminal statute that penalizes conspiracy to "commit any offense against the United States, or to defraud the United States" or its agencies.  There is no private right of action under either statute.  *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992); *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

As it is not clear that the court has jurisdiction over this action, by no later than December 21, 2022 Plaintiff shall explain in writing why this case should not be dismissed for lack of subject matter jurisdiction.  If Plaintiff fails to respond by that date or his response fails to establish a basis for subject matter jurisdiction, the court may prepare a report and recommendation recommending

dismissal of the case.

**IT IS SO ORDERED.**

Dated: November 29, 2022

_____
DONNA M. RYU
United States Magistrate Judge